UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD BONNEWELL,

    Plaintiff,

v.

GULFCOAST SOFTWARE SOLUTIONS, LLC, a Florida Limited Liability Company, TIMOTHY P. LINDBLOM, an individual, and THOMAS L. LINDBLOM

    Defendants.

Case No. 8:25-cv-2873

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TODD BONNEWELL, by and through undersigned counsel, files this Complaint against Defendants, GULFCOAST SOFTWARE SOLUTIONS, LLC, TIMOTHY P. LINDBLOM, and THOMAS L. LINDBLOM and alleges as follows:

### CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq. (FLSA), Article X, Section 24, Florida Constitution (Article X, Section 24), the Florida Minimum Wage Act, Fla.Stat. Section 448.110 (FMWA), and Florida common law.

2. This is an action brought by Plaintiff, TODD BONNEWELL ("Plaintiff" or "Bonnewell"), against Defendants, GULFCOAST SOFTWARE SOLUTIONS, LLC ("Gulfcoast"), TIMOTHY P. LINDBLOM, and THOMAS L. Lindblom

(collectively the "Lindbloms"), (hereinafter collectively "Defendants') for their failure to pay Mr. Bonnewell Florida minimum wages as prescribed by the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110 et seq., as well as federal minimum and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

3. Plaintiff also seeks recovery of reasonable compensation under the equitable doctrines of quantum meruit and unjust enrichment for the valuable services he rendered to Defendants for which Defendants received a substantial benefit.

## PARTIES

4. Plaintiff TODD BONNEWELL ("Bonnewell") is an individual residing in Pinellas County, Florida.

5. Defendant GULFCOAST SOFTWARE SOLUTIONS, LLC ("Gulfcoast") is a Florida Limited Liability Company with its principal address at 201 S. Lincoln Avenue, Clearwater, FL 33756. Gulfcoast is an employer engaged in commerce or in an industry affecting commerce within the meaning of the FLSA and FMWA.

6. Defendant TIMOTHY P. LINDBLOM ("Timothy Lindblom") is an individual residing in Pinellas County, Florida. At all times material hereto, Timothy Lindblom was an owner, officer, and/or managing agent of Gulfcoast Software Solutions, LLC, and exercised operational control over Gulfcoast's business practices and policies, including decisions regarding employee compensation and workhours.

As such, Timothy Lindblom is an "employer" within the meaning of the FLSA and FMWA.

7. Defendant THOMAS L. LINDBLOM ("Thomas Lindblom") is an individual residing in Pinellas County, Florida. At all times material hereto, Thomas Lindblom was an owner, officer, and/or managing agent of Gulfcoast Software Solutions, LLC, and exercised operational control over Gulfcoast's business practices and policies, including decisions regarding employee compensation and workhours. As such, Thomas Lindblom is an "employer" within the meaning of the FLSA and FMWA.

## JURISDICTION AND VENUE

8. Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act. Jurisdiction over the state law claims set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

9. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within this district.

10. Venue is proper in the Tampa Division because the action accrued in Pinellas County over which the Tampa Division has jurisdiction.

## GENERAL ALLEGATIONS

11. Defendant Gulfcoast is a technology and service provider specializing in integrated video surveillance, data management, and loss prevention for the retail and convenience store industries. Defendant Gulfcoast markets and sells its products and services to customers in multiple states including Florida, North Carolina, Georgia, Louisiana, Texas, Oklahoma and Ohio.

12. Beginning in early June 2024 and continuing until early July 2025, Plaintiff served Defendants as a Software Developer and Business Analyst.

13. Based upon all attendant circumstances, the business relationship was that of employer/employee when viewed through the lenses of the well-established, multi-factor tests implemented by the Internal Revenue Service and U.S. Department of Labor to assess an independent contractor versus employment relationship.

14. In his Software Development and Business Analyst capacity, Plaintiff's job duties included, but were not limited to, understanding complex software systems, identifying and resolving bugs, making significant code modifications to improve efficiency (particularly regarding video and image storage/retrieval), setting up servers, configuring store systems, creating documentation (including an 110-page server install guide and store installation video/checklist), interfacing with clients, handling security setups, and building servers.

15. The reasonable market value for a professional performing this combination of high-level duties is $105,000 to $170,000+ in total annual

compensation, depending on experience. If paid on an hourly basis, one could expect an hourly compensation rate of at least $75.00.

16. Plaintiff's work involved interstate commerce, including regularly communicating with customers across state lines, traveling across state lines (e.g., to Michigan for security system installations), producing goods (software) that would be sent out of state, and handling records of interstate transactions.

17. With the exception of the first month of his employment, Plaintiff generally worked forty (40) hours per week.

18. However, during multiple workweeks over the course of his employment, Plaintiff worked overtime hours of up to twenty (20).

19. Despite the extensive and valuable services rendered, and early discussions regarding a $100,000 annual salary and 15% equity in Gulfcoast, Plaintiff was not paid compensation of any kind for his software development or business analyst services.

20. The only compensation Plaintiff received from Defendants was approximately $4,000.00 for a side project involving the installation of security systems in Michigan over an eight-day period. This work was distinct and separate from Plaintiff's ongoing development and analyst duties.

21. By way of an email dated July 13, 2025, Plaintiff demanded payment from Defendants for the nearly fifty-six (56) weeks of services he provided. In the email, he detailed the work performed and the compensation owed based upon the reasonable hourly rate of $75.00.

22. Defendants ignored the demand, closed Plaintiff's access to his work email and Microsoft accounts, and removed him from all code repositories, effectively and summarily terminating the employment relationship without duly compensating Plaintiff for his services.

23. Defendants' actions constitute a willful failure to pay Mr. Bonnewell minimum wages and overtime wages as required by federal and Florida law.

24. In addition, Defendants have been unjustly enriched by Mr. Bonnewell's valuable labor and services for which he has not been compensated.

25. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## Violations of the Fair Labor Standards Act

26. At all times material hereto, Defendant Gulfcoast was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

27. At all times relevant, Defendant Gulfcoast had annual gross revenues of at least $500,000.00.

28. At all times relevant, Defendant Gulfcoast employed two or more individuals who, in the course and scope of their employment, handled items that were manufactured outside of the state and moved through interstate commerce.

29. At all times material hereto, Defendants Timothy and Thomas Lindblom were each an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

30. The Lindbloms implemented all personnel policies and practices and exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

31. Independent of Defendant Gulfcoast's enterprise coverage under the FLSA, Plaintiff was an individually covered employee.

32. In this regard, Plaintiff routinely engaged in interstate commerce and the use of the instrumentalities of interstate commerce in that he frequently communicated and interacted with customers and potential customers over state lines.

33. At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of at least the federal minimum wage for all regular hours worked.

34. As a non-exempt employee, Plaintiff was also entitled to payment of one and one half times his effective hourly rate for all hours worked in excess of forty (40) in a workweek.

35. Plaintiff reasonably estimates that he worked 950 regular, straight time hours in 2024 and 925 in 2025.

36. Plaintiff reasonably estimates that he worked 65 overtime hours in 2024 and 70 in 2025.

37. Despite the minimum wage and overtime pay mandates of the FLSA, Defendants failed to pay Plaintiff wages of any kind.

### Violations of the Florida Minimum Wage Act

38. By virtue of being covered employers under the FLSA, Defendants were at all times relevant, covered employers under Art. X., Sec. 24 and the FMWA and were therefore subject to liability for violations thereof.

39. By virtue of being a non-exempt employee under the FLSA, Plaintiff was a non-exempt employee of Defendants under Art. X, Sec. 24 and the FMWA and was therefore entitled to payment of at least the Florida minimum wage for all regular hours worked.

40. Again, Defendants failed to pay Plaintiff wages of any kind and as such, violated the FMWA.

41. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

### COUNT I
*(Unjust Enrichment- Against Defendant Gulfcoast)*

42. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 41.

43. Plaintiff conferred a benefit upon Defendant Gulfcoast by providing extensive and valuable software development, business analysis, and consulting services.

44. Defendant Gulfcoast had knowledge of the benefit conferred by Plaintiff.

45. Defendant Gulfcoast accepted and retained the benefit conferred by Plaintiff without payment.

46. Under these circumstances, it would be inequitable for Defendant Gulfcoast to retain the benefit without paying for it.

47. As a direct and proximate result, Defendant Gulfcoast has been unjustly enriched at Plaintiff's expense, and Plaintiff has suffered damages in an amount to be determined at trial, but no less than the reasonable value of the services rendered.

48. Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant Gulfcoast for monetary damages in the amount of the value of the benefit conferred upon Defendant Gulfcoast, plus pre-judgment and post-judgment interest, together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT II
*(Quantum Meruit- Against Defendant Gulfcoast)*

49. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 41.

50. As Software Developer and Business Analyst, Plaintiff provided valuable services to Defendant Gulfcoast.

51. These services were performed at the request of and with the knowledge and acquiescence of Defendant Gulfcoast.

52. Plaintiff reasonably expected to be compensated for these services, as evidenced by discussions regarding salary and equity.

53. The services provided by Plaintiff were of significant value to Defendant Gulfcoast.

54. Defendant Gulfcoast accepted and benefited from these services.

55. Defendant Gulfcoast failed to pay Plaintiff for these services.

56. As a direct and proximate result, Plaintiff has suffered damages in the amount of the reasonable value of the services rendered.

57. Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant Gulfcoast for monetary damages in the amount of the reasonable value of the services rendered, plus pre-judgment and post-judgment interest, together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT III
*(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206- Against All Defendants)*

58. Plaintiff re-alleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 41.

59. The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

60. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each regular hour worked in a workweek.

61. For multiple workweeks, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

62. Defendants owe Plaintiff unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

63. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

### COUNT IV
*(Failure to Pay Minimum Wages in violation of the FMWA and Article X, Sec. 24- Against All Defendants)*

64. Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 41.

65. Plaintiff was entitled to be paid the applicable Florida minimum wage for all hours worked for Defendants.

66. For multiple workweeks, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the Florida minimum wage.

67. Defendants owe Plaintiff unpaid Florida minimum wages plus additional amounts in the way of liquidated damages equal to the amount of unpaid minimum wages.

68. Defendants did not make a good faith effort to comply with the FMWA and Article X, Sec. 24 with respect to their compensation of Plaintiff.

69. In accordance with Fla. Stat. § 448.110(6), Plaintiff, through undersigned counsel, sent a written demand on September 3, 2025 to Defendants seeking payment of unpaid minimum wages under the FMWA. A true and correct copy of the demand letter is attached hereto as **Exhibit A**.

70. Defendants have not responded to the demand letter and at least 15 days has passed since Defendants' receipt thereof.

71. Plaintiff has met all conditions precedent to bringing his claim under the FMWA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid Florida minimum wage compensation in amounts to be determined at trial, statutory liquidated damages, together with the costs of suit and reasonable attorney's fees (pursuant the FMWA, Section 448.110(c) and Article X, Sec. 24(e)), and such other and further relief that the Court deems just and proper.

## COUNT V
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207- Against All Defendants)*

72. Plaintiff re-alleges and adopts, as if fully set forth in Count V, the allegations in paragraphs 1 through 41.

73. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a workweek.

74. During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek

75. In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half the effective hourly, regular rate of pay for overtime hours worked.

76. As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

77. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

78. Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 21st day of October, 2025         Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
mike@flemploymentlaw.com
*Counsel for Plaintiff*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400