**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TODD BONNEWELL,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-2873-JLB-AAS**

**GULFCOAST SOFTWARE SOLUTIONS, LLC, a Florida Limited Liability Company, TIMOTHY P. LINDBLOM, an individual, and THOMAS L. LINDBLOM,**

**Defendants.**
**_______________________________________/**

## REPORT AND RECOMMENDATION

Plaintiff Todd Bonnewell and Defendants Gulfcoast Software Solutions, LLC, Timothy P. Lindblom, and Thomas L. Lindblom (collectively, the defendants) move for the court to approve their proposed settlement of the Fair Labor Standards Act (FLSA) claims and dismiss this case with prejudice.[1] (Doc. 35).

A claim brought under the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–1353 (11th Cir. 1982). First, an employee may settle and waive claims under

[1] The motion also requests to reopen the case, which has been granted. (*See* Docs. 35, 36).

the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for overtime wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted).

Mr. Bonnewell filed a five-count complaint asserting claims against the

defendants, including unpaid minimum wages and unpaid overtime compensation under the FLSA, and unpaid minimum wages under the Florida Minimum Wage Act (FMWA), § 448.110, Fla. Stat., and Art. X, § 24 of the Florida Constitution. (Doc. 1). The defendants filed their Answer and Affirmative Defenses, denying these claims. (Doc. 27).

To resolve the litigation, the parties agreed to a settlement, which was subsequently submitted for review. (Doc. 35-1). Under the proposed settlement agreement, Mr. Bonnewell will receive $70,000.00. Of this sum, $22,500.00 is allocated to Mr. Bonnewell's FLSA, FMWA, and Florida Constitutional claims and represents alleged unpaid wages; $22,500.00 is allocated to liquidated damages for those claims and represents an amount equal to the alleged unpaid wages; and $20,000.00 is allocated to Mr. Bonnewell's attorney's fees and costs in prosecuting this action, an amount which the Parties negotiated separately. (*Id.*, ¶¶ 2–3).

Another separately negotiated sum of $5,000 is allocated for a mutual release by Mr. Bonnewell of all other known and unknown claims. (*Id.*, ¶ 4). The defendants have correspondingly released Mr. Bonnewell from all known and unknown claims, and the parties have further agreed to several reciprocal non-monetary provisions in the Agreement, such as a non-disparagement provision, confidentiality, and roughly equivalent terms with respect to the

return and/or deletion of each other's physical and digital property. (*Id.*, ¶¶ 6, 14–17).

As some courts have found, a non-cash concession by a plaintiff, such as a release clause or confidentiality provision, does not destroy the compensation guaranteed by the FLSA. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-ACC-DAB, 2012 WL 933057, at *5–6 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). Here, approval of non-cash conditions as part of the settlement, made with the benefit of advice of counsel, is appropriate under the standard in *Lynn's Food*. *See Jarvis*, 2012 WL 933057, at *6 (citing *Lynn's Food*, 679 F.2d at 1350), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

After consideration of the proposed settlement agreement, the undersigned concludes that the settlement is a fair and reasonable resolution of the parties' dispute. *See Lynn's Food*, 679 F.2d at 1353–55.

Accordingly, it is **RECOMMENDED** that:

1. The parties' Joint Motion to Approve Settlement of FLSA Claims (Doc. 35) be **GRANTED**;

2. The settlement agreement (Doc. 35-1) be accepted, adopted, and approved by the court, and the parties be ordered to comply with the terms of the executed settlement agreement;

3. This action be **DISMISSED with prejudice**;

4. The court retain jurisdiction to enforce the terms of the settlement agreement;[2] and

5. The Clerk be directed to terminate all pending deadlines and to close the case.

**ENTERED** in Tampa, Florida, on June 30, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

[2] *See Spikes v. Schumacher Auto Grp., Inc.*, No. 21-CV-81223, 2022 WL 3155092, at *2 (S.D. Fla. May 18, 2022), report and recommendation adopted, No. 21-81223-CIV, 2022 WL 3161840 (S.D. Fla. June 1, 2022).